UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| GARY COLE, )<br>)<br>Plaintiff )<br>v. )<br>)<br>MAINE SCHOOL ADMINISTRATIVE )<br>DISTRICT NO. 1, )<br>)<br>Defendant. ) | Civil No. CV-03-205-B-K |

**ORDER REGARDING MOTIONS *IN LIMINE*** 

Gary Cole, a public school teacher, claims that Maine School Administrative District No.1 (the District) violated his First Amendment rights by restricting his ability to teach about non-Christian religions and that, through adverse employment actions, the District retaliated against him for exercising those rights. On December 3, 2004, Judge Woodcock denied the District's motion for summary judgment. See Cole v. Me. School Admin. Dist. No. 1, 350 F. Supp. 2d 143 (D. Me. 2004). The case is set for trial on August 22, 2005, before me, the parties having filed a consent to proceed before the magistrate judge on June 8, 2005. The District has filed two motions in limine to test the admissibility of (1) alleged retaliation by the District (Docket No. 53) and (2) settlement negotiations and a partial settlement agreement (Docket No. 57). Cole filed a motion *in limine* to exclude evidence relating to sexual harassment allegations and alleged difficulties among Cole and his co-workers prior to this lawsuit (Docket No.75).

**Motion In Limine to Exclude Certain Evidence of Retaliation (Docket No. 53)**

On December 30, 2003, this Court issued a scheduling order setting a May 4, 2004, discovery deadline. On March 4, 2004, Mr. Cole answered a District interrogatory,

which asked him to set forth all facts upon which he intended to rely or upon which he could rely to prove his retaliation claim. (Def.'s Mot. In Limine Retaliation, Ex. A, Docket No. 53.) On February 5, 2005, Mr. Cole supplemented his answer to the interrogatories, setting forth in nineteen paragraphs additional facts upon which he based his retaliation claim. The District's motion focuses on six of these facts: (1) a laminated religious paper allegedly placed on Cole's desk in August 2003; (2) the suspension of seventh grade team meetings on December 17, 2003; (3) an alleged incident with Leslie Mahon in late January 2004; (4) a statement allegedly made by John Graves in late January or early February 2004 that "all I want is his resignation right here"; (5) a statement allegedly made by Barb Bartlett in February 2004 that "I'm tired of him going around here smiling and happy and acting like he hasn't done anything wrong"; and (6) an alleged discussion with Marty Prichard on February 5, 2004, concerning seventh grade team meetings. (Def.'s Mot. In Limine Retaliation at 1.)

After reviewing the parties' submissions I was unsure of exactly what evidence Cole intended to offer regarding the retaliation claim. I thus instructed him to file by June 27, 2005, an itemization of the discrete acts of alleged retaliation by the District that form the basis of his claim. (See Minute Entry, Docket No. 81.) Cole has complied with my directive and it appears that his list consists of fourteen separate acts. The only conduct that Cole intends to offer that is the subject of this motion is the statement allegedly made by John Graves in late January or early February 2004 that "all I want is his resignation right here," pointing to the palm of his hand with his index finger. Thus, as to the other five items listed in defendant's motion, the motion in limine is **granted**

**without objection.** Neither side is to mention any of these five items without first coming to sidebar and explaining why the item has become admissible.

The District contends that the Graves remark (as well as the other five items of evidence) should be excluded because Cole failed to disclose them to the District in a timely manner and failed to provide a legitimate reason for his delay. Further, the District points out each of the additional facts pre-dated Cole's March 4, 2004, answer to the interrogatories and argues there is no justifiable reason for his omission. The District contends Cole's omission denied it the opportunity to take discovery concerning the allegations and created unfair surprise on the eve of trial.

In response, Cole explains he initially interpreted the District's interrogatory as requesting information about the District's retaliation for his complaints about curriculum changes, but not as requesting information about retaliation because of his lawsuit. (Pl.'s Mem. Opp'n Mot. In Limine at 3, Docket No. 73.) Preparing for trial, he noticed the omission and expanded the answer to include both types of retaliation. (Id.) Further, Cole suggests the District has not been prejudiced, because the evidence involves its own employees, the District was already aware of some of the evidence, and there was sufficient time before trial for the District to investigate any new information. (Id.) I am not persuaded by Cole's argument that there were two distinct types of retaliation and that in answering the original March 4, 2004, interrogatory he considered only retaliation unrelated to the filing of the lawsuit.

The District's interrogatory was not limited to retaliation prior to the filing of the lawsuit.[1]  Additionally, Cole's original answer included events that post-dated the filing of the lawsuit and referenced the lawsuit: "Two times since I filed this complaint in federal court, the superintendent has violated my rights under the union contract and launched investigation about me behind my back." (Def.'s Mot. In Limine Retaliation, Ex. A, Answer Interrogatory 4.)   Assuming Cole knew what he was claiming when he originally answered the interrogatory, his answer should have been complete.  I am more inclined to believe that it was simply an oversight on counsel's part and he inadvertently forgot to mention these six items.

When Cole originally supplemented his answer to interrogatories in early February 2005, the District had greater cause for concern than it does now.  The case was then set for trial in April and this left little time for the District to respond.  However, the case was not reached in April and in its April 15, 2005, reply the District acknowledged by then it had the opportunity to investigate its employees' responses.  Its sole assertion of prejudice is the denial of the opportunity to "test [Cole's] testimony through the deposition process."  (Def.'s Reply Mem. Mot. In Limine at 2, Docket No.77.)  Even that concern is now substantially reduced since we are talking about only one incident, relating to the conversation with Graves, rather than six separate events.   This prejudice, if not harmless, is easily remedied without resorting to wholesale exclusion of evidence.

Federal Rule of Civil Procedure 37(c)(1) does provide that when a party fails, without substantial justification, to make required disclosures, the party will not be permitted to use the evidence at trial, unless such failure is harmless.  While I do not

---

[1]     The Interrogatory states: "Set forth all facts upon which you intend to rely, or upon which you could rely to prove that you have been retaliated against."  (Def.'s Mot. In Limine Retaliation Ex.A, Interrogatory 4.)

4

subscribe to Cole's view that his incomplete answer has substantial justification, this case is not about a failure to disclose, but rather about a tardy disclosure.  As the case has unfolded, Cole's reliance upon the Graves statement as part of his evidence of retaliation works no prejudice against the District and the failure to make an earlier disclosure is essentially harmless.  If the District believes that it must question Graves about this incident in order to fully prepare for trial, the trial date is still six weeks away.  I will grant the District leave to conduct a telephonic deposition of Cole related solely to this incident if the District concludes it wants to avail itself of that opportunity.   The motion in limine is **DENIED** as to the incident involving Graves.

**Defendant's Motion In Limine apropos Settlement Negotiations and Partial Settlement Agreement (Docket No. 57)**

In this motion the District moves to exclude evidence that Cole has been on sick leave during the 2004-2005 school year; and evidence of the settlement negotiations that culminated in Cole's taking such sick leave.  The District argues these matters relate to settlement negotiations and to an interim settlement agreement, which are inadmissible under Federal Rule of Evidence 408.  Cole responds that he does not plan to introduce evidence of the settlement negotiations and does not contest that part of the motion.  However, he does seek to introduce evidence, that by agreement of the parties, he has been on sick leave for the 2004-2005 year.  Cole argues that his sick leave is relevant to his current employment situation.  As the parties are in agreement on the inadmissibility of settlement negotiations, this order only contemplates the admissibility of Cole's sick leave.

Cole seeks to offer the fact he was on sick leave for the 2004-2005 school year to provide context regarding his larger employment relationship with the school and to show

what he has been doing during the past school year. I conclude that evidence that Cole was on sick leave during the 2004-2005 school year is admissible. Cole's allegations can be traced back to 1997-1998, when the curriculum issue was first raised. From then on, Cole and the District were involved in a simmering dispute, leading to this lawsuit being filed on November 21, 2003. Cole wants to include events after the filing of the lawsuit in his retaliation claim, including events related to the loss of sick leave for the 2004-2005 school year and reassignment for the 2005-2006 school year. The story cannot be told in a vacuum, and Cole's absence during the 2004-2005 school year can be explained with the fact that he has been on sick leave (as opposed to some sort of disciplinary sanction).

After the filing of the law suit, Cole was the subject of a separate, unrelated claim of sexual harassment and in February 2004 he was placed on administrative leave in accordance with District policy. The parties subsequently agreed to place Mr. Cole on long term medical leave and he has been out on that leave for the entire 2004-2005 school year. If the jury is not informed that he has been out of work for reasons unrelated to this lawsuit for the year 2004-2005, it will be left with an unexplained hole in the evidence, a hole it is likely to fill by speculation. For example, the jury could conclude that Cole's absence from teaching was related to this lawsuit and that his damages include lost earnings for that year. Alternatively, the jury could surmise that Cole voluntarily stopped teaching because he was expecting a windfall from this lawsuit. The jury's speculation could be helpful or harmful to Cole or to the District; it should be neither.

I agree with Cole that the fact he has been out of work on sick leave should be presented to the jury. This evidence can be presented by stipulation of the parties, if they

can agree, or by limited direct evidence. With these limitations, I **GRANT** the District's motion in limine apropos the settlement negotiations/partial settlement to the extent it addresses settlement negotiations and **DENY** its motion to the extent it seeks to preclude any evidence of Cole's absence from teaching from February 2004 to date. However, my ruling on this motion does not, in and of itself, open the door for the admission of evidence of the alleged sexual harassment and accompanying administrative leave, nor the settlement negotiations leading to the conversion to long term sick leave.

### Plaintiff's Motion In Limine vis-à-vis Sexual Harassment Allegations and Relationship Dynamics with Co-Workers (Docket No. 75)

Cole moves to exclude evidence of sexual harassment allegations made against him in March 2004 and in 1983 and evidence of his alleged difficulties with team members prior to this lawsuit. He argues both incidents are irrelevant. The District responded by arguing, in essence, that Mr. Cole wishes to "have his cake and eat it too." (Def.'s Mot. Opp'n Mot. In Limine at 1, Docket No. 76.) The District maintains that Cole suggested in his motion for summary judgment that, for the purpose of demonstrating the District's retaliation, he would seek to admit the District's letter threatening his dismissal for alleged sexual harassment and the District's disbanding the seventh grade team meeting. According to the District, only if Mr. Cole "opens the door" will it seek to admit further evidence to provide appropriate context.

Whether this evidence violates Federal Rules of Evidence 401 and 403 depends on its context. Standing alone, an accusation of sexual harassment would appear not only irrelevant, but potentially highly prejudicial to Cole. Similarly, evidence of Cole's lack of sociability has, on its face, marginal probative value. However, if Cole contends that certain of the District's actions were generated by his assertion of First Amendment

rights and if the District has evidence that the same actions were generated in response to the sexual harassment charge, the District may be allowed to present that evidence. As a hypothetical example, if Cole argues that he was denied a seat on the curriculum committee because he asserted First Amendment rights and if the District has evidence he was excluded because of his abrasive personality, the District may again be allowed to present that evidence. At this point, I simply cannot determine the context of the evidence and, therefore, cannot make a final ruling.

I will, therefore, conditionally **GRANT** the motion as to allegations of sexual harassment in 1983 and 2004. Counsel for the defendant is not to mention those allegations without first obtaining a ruling from me at sidebar during the trial. As to the issue of interpersonal difficulties, the record at this juncture is simply too amorphous for me to make a ruling and I will defer ruling on that issue until the evidence is specific and placed in context.

*So Ordered.*

/s/ Margaret J. Kravchuk
United States Magistrate Judge

Dated: June 30, 2005